# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ALEJANDRO H.,[1] <br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO,[2] <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:25-cv-01135-PD <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AGENCY DECISION AND REMANDING** |

Plaintiff challenges the denial of his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  For the reasons stated below, the decision of the Administrative Law Judge is reversed, and the Court remands this matter on an open record for further proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the United States Judicial Conference Committee on Court Administration and Case Management.

[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and is substituted as Defendant in this suit.  *See* 42 U.S.C. § 405(g).

## I.   Pertinent Procedural History and Disputed Issues

On August 29, 2022, Plaintiff filed applications for SSI and DIB. Administrative Record ("AR") 288, 295.[3]  Plaintiff alleges that he became disabled and unable to work on October 1, 2020.  *Id.*  Plaintiff's applications were denied on February 17, 2023, and upon reconsideration on June 21, 2023.  AR 115, 129.  Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on April 11, 2024 via telephone.  AR 44. Plaintiff appeared with counsel and the ALJ heard testimony from Plaintiff through an interpreter, and a vocational expert ("VE").  *See* AR 44–68 (Hearing Transcript).  On June 3, 2024, the ALJ issued a decision finding that Plaintiff was not disabled under the Social Security Act ("SSA").  AR 37–38. The Appeals Council denied Plaintiff's request for review on December 11, 2024, rendering the ALJ's decision the final decision of the Commissioner.  AR 1-8.

The ALJ followed the five-step sequential evaluation process to assess whether Plaintiff was disabled under the SSA.  *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *superseded on other grounds by regulation*, Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5852 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416), *as recognized in Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 1, 2020.  AR 24 ¶ 2.  At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; ankylosing spondylitis of the thoracolumbar region; degenerative joint disease of the right hip; and chronic deformity and pain in the left foot with fallen

---

[3] The Administrative Record is at Docket Numbers 12-3 through 12-8.

arch (20 CFR 404.1520(c) and 416.920(c))." AR 24 ¶ 3. The ALJ found the impairments caused more than minimal functional limitations to Plaintiff's ability to perform basic work activities. AR 25. After considering the record, the ALJ also found that the following were not medically determinable impairments: headaches, blurry vision, systemic arterial hypertension, recurrent sinusitis/allergic rhinitis, bilateral hand pain/stiffness/numbness, having crooked ankles, hepatitis, and diabetes. AR 25–26.

At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." AR 26 ¶ 4.

Before proceeding to step four, the ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations":

> can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; can sit for 6 hours, stand for 6 hours, and walk for 6 hours in an 8-hour workday, for 5 days a week; requires the ability to alternate between sitting and standing up to every hour, while remaining on task; can frequently push and pull with the extremities; can frequently reach, handle, finger, and feel with the bilateral upper extremities; cannot have exposure to hazards; cannot climb ladders, ropes, or scaffolds; and can occasionally balance, crawl, crouch, kneel, stoop, or climb ramps or stairs, as those are defined in the DOT/SCO.

AR 27 ¶ 5.

3

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a construction worker II.  AR 35 ¶ 6.

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found there are jobs which exist in significant numbers in the national economy that Plaintiff can perform, in the occupations of "merchandise marker", "cashier II", and "photocopying machine operator".  AR 36–37 ¶¶ 7-10.  Accordingly, the ALJ concluded that Plaintiff has not been under a disability as defined in the SSA from October 1, 2020 through the date of the ALJ's decision.  AR 37 ¶ 11.

Plaintiff raises two issues: (1) whether the ALJ erred when assessing Plaintiff's RFC, and (2) whether the ALJ erred when rejecting Plaintiff's subjective symptom testimony.  Dkt. No. 13 at 11, 21.

## II.    Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits.  A court will vacate the agency's decision "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard."  *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (citation and internal quotation marks omitted).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Id.* (citation and internal quotation marks omitted); *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (same).

It is the ALJ's responsibility to determine credibility and to resolve conflicts in the medical evidence and ambiguities in the record.  *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020).  "Where evidence is susceptible to more than one rational interpretation," the ALJ's reasonable evaluation of the proof should be upheld.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir.

2008); *Tran v. Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).[4]

Error in Social Security determinations is subject to harmless error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is harmless if it is "inconsequential to the ultimate nondisability determination" or, despite the legal error, "if the agency's path may reasonably be discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation and internal quotation marks omitted).

## III.   Discussion

### A.   The ALJ Erred When Assessing Plaintiff's RFC

Plaintiff argues the ALJ's RFC assessment is not supported by substantial evidence as to the ability to alternate between sitting and standing up to every hour, while remaining on task limitation. Dkt. No. 12 at 11-21. An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Ruling 96-8P, 1996 WL 374184, at *1 (1996). It reflects the most a claimant can do despite their limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996). An RFC determination must be based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. 20 C.F.R. § 404.1545. When reviewing the ALJ's decision, the Court reviews only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which

___

[4] Although statements in unpublished Ninth Circuit opinions "may prove useful [] as examples of the applications of settled legal principles," the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions particularly as to issues of law. *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("a nonprecedential disposition is not appropriately used . . . as the pivotal basis for a legal ruling by a district court").

he did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). An ALJ's decision is not supported by substantial evidence when the ALJ does not "explain the evidentiary basis" for an aspect of their RFC assessment. *Leitz v. Kijakazi*, 2023 WL 4342114, at *2 (9th Cir. July 5, 2023). An ALJ cannot arbitrarily assess the RFC without providing some reasoned basis. *Andreea C.G. v. O'Malley*, No. 5:24-cv-00580-BFM, 2024 U.S. Dist. LEXIS 200337, at *12 (C.D. Cal. Nov. 4, 2024). The court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)). The ALJ's failure to "build an accurate and logical bridge" from the record to his RFC assessment, and failure to "provide sufficient reasoning" precludes the Court from conducting meaningful review. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work. *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). However, when an ALJ decides severity or residual functional capacity "without the support of any of the medical opinion evidence," it constitutes error. *Walker v. Comm'r of Soc. Sec.*, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) (quoting *Holtan v. Kijakazi*, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)); *see Robert C. v. Kijakazi*, 2023 WL 5816743, at *4 (D. Nev. Sept. 8, 2023) ("[U]nlike *Farlow*, in this case the ALJ is not rejecting a medical opinion considering specific evidence but rather creating her own medical opinion."). The ALJ must include all of a claimant's impairments in the RFC assessment. 20 C.F.R. §§ 404.1545, 416.945; *see also*

*Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Because the assessment of a claimant's RFC is essential to steps four and five of the sequential analysis in determining whether a claimant can still work despite severe medical impairments, an improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.' " SSR 96-8p, 1996 SSR LEXIS 5.  Accordingly, "an RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Plaintiff argues that the ALJ's determination that Plaintiff can remain on task while alternating sitting and standing every hour is not supported in the record and the ALJ does not explain how he came to that conclusion.  Dkt. No. 13 at 12.  Plaintiff argues the ALJ erred in assessing his RFC because the limitation is unsupported by the medical record, as no physician opined that Plaintiff could "remain on task" while requiring the need to alternate sitting and standing.  *Id.* at 14.  Plaintiff further argues the ALJ's limitation is impermissibly based on his "lay opinion" without a logical bridge to medical evidence in the record.  *Id.* at 14-15.

Plaintiff asserts that the ALJ made clear that he rejected all the medical evidence that limited Plaintiff.  *See* AR 32 (rejecting State Agency opinions as unpersuasive), AR 33 (rejecting physician assistant opinion as unpersuasive).  The only opinion that the ALJ gave any weight to as partially persuasive was that of Dr. Maximous, who found that Plaintiff would have no limitations at all.  AR 33.

In opposition, the Commissioner argues that substantial evidence supports the sit/stand option in the ALJ's RFC finding.  Dkt. No. 14 at 3.  The Commissioner argues that the ALJ based those limitations "*in part*, upon

7

[Plaintiff's] subjective complaints after comparing these to the objective evidence of record." *Id.* (citing AR 33).  The Commissioner further argues that Plaintiff would not be able to show that harm resulted from any error.  *Id.*

In reply, Plaintiff argues that there is no medical support for the proposition that he would be capable of remaining on task while alternating sitting and standing.  Dkt. No. 15 at 2.  Plaintiff asserts that the need to alternate between sitting and standing is due to pain from his severe impairments and that he needs to take time to stretch when changing positions.  *Id.* (citing AR 53-58).  Further, Plaintiff argues that the only medical opinion to discuss the need to sit or stand as well as take breaks supports his testimony.  *Id.* at 3 (citing AR 609 (Plaintiff's physicians state that he would need to shift positions at-will throughout the workday and take unscheduled breaks)).

Here, the ALJ has not explained his RFC determination that Plaintiff can remain on task while alternating sitting and standing.  The ALJ did not point to anything in the medical record in support of his conclusion that despite needing to alternate sitting and standing due to pain, Plaintiff can remain on task.  Plaintiff testified that his need to alternate sitting and standing is due to pain from his severe impairments and that he needs to take time to stretch when changing position.  AR 53-58.  Without an explanation as to why the ALJ thinks Plaintiff can alternate sitting and standing while "remaining on task" the ALJ impermissibly asks this Court to speculate as to the basis of the ALJ's reasoning.  *See Leitz*, 2023 WL 4342114, at *2; *see also Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (Courts are constrained to review the reasons the ALJ asserts).  When the ALJ does not "explain the evidentiary basis" for an aspect of their RFC assessment, remand is appropriate.  *Mix v. Dudek*, 2025 WL 914413, at *5 (D. Nev. Mar. 26, 2025).

As the ALJ did not "explain the evidentiary basis" to support the conclusion that despite needing to alternate sitting and standing due to pain, Plaintiff can remain on task, substantial evidence does not support the ALJ's RFC assessment.  The Ninth Circuit has held that where an ALJ did not provide enough "reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence," the error cannot be treated as harmless. *Treichler,* 775 F.3d at 1103. Accordingly, the Court finds that this matter should be remanded for rehearing on the issue of remain on task while alternating between sitting and standing every hour.

## B.    Remaining Issue and Remedy

Plaintiff also argues that the ALJ impermissibly rejected Plaintiff's subjective symptom testimony.  Dkt. No. 13 at 21-29.  Because the Court concludes this case be remanded on an open record, the Court declines to address Plaintiff's other claim of error.  *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 20 (2021) ("[W]e should not answer more than is necessary to resolve the parties' dispute."); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("[T]he court addresses only those [issues on appeal] relevant to its decision to remand the case to the agency[.]"); *Lambert*, 980 F.3d at 1278 ("We have no occasion to reach [the claimant's] other assignments of error, as the record may change on remand.").

## IV.   Conclusion

For the reasons stated above, the ALJ's decision is reversed, and the case is remanded on an open record.  A separate judgment will issue.

Dated: March 31, 2026

_____
Patricia Donahue
United States Magistrate Judge

10